# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHANICA JACKSON,
        Plaintiff,

v.                                  Case No. 08-CV-18

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,
        Defendant.

## DECISION AND ORDER GRANTING AWARD OF ATTORNEY'S FEES

This matter is before the court on the plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412. On August 18, 2008, this court issued an order granting the parties' joint motion to remand this action for further proceedings and judgment was entered accordingly.

In her application filed November 15, 2008, the plaintiff seeks an award of $3,882.72 for 22.1 hours of attorney services as submitted in her counsel's time log according to the statutory rate, as adjusted by the Consumer Price Index. In response, the Commissioner agrees that the plaintiff is entitled to fees under the EAJA, but submits that the amount requested is excessive. The Commissioner contends that time spent on certain tasks is not compensable and also points to difficulty in calculating the requested fees based on the manner in which they are presented. As a remedy, the Commissioner suggests an across the board reduction in the amount claimed by at least seven percent.

In her reply filed December 22, 2008, plaintiff's counsel reaffirms the propriety of the time claimed for the challenged tasks. In regard to the manner in which the fees are presented, i.e. grouping together multiple tasks performed on one day and requesting a total fee, counsel indicates that this criticism effects only several entries, none exceeding more than 2.1 hours per day. Plaintiff contends

that reducing the amount by seven percent is certainly not warranted. In addition, in her reply, plaintiff has added a request for an additional amount of $988.90 as and for preparation time and review of the defendant's objection, now seeking a total award of $4,871.62.

The court has reviewed the plaintiff's time record and believes that the entries for time expended on this matter are both reasonable and necessary. The court is not persuaded by the Commissioner's challenges. For example, although it would be preferable if there was a separate listing of tasks, lumping some together at times is of no moment if each of the tasks performed is compensable. Unless the time expended on one of the tasks listed should not be compensated, or the court believes that the total time seems unreasonable, the court has no objection to the plaintiff's manner of presentation. As to the nature of the work performed, the court is of the opinion that each of the tasks listed was properly performed by an attorney, even the .2 hour for "calendaring" or "filing." Nor does the court believe that the plaintiff expended excessive time in preparing her briefs. While the motion and briefs contain some "boilerplate" language, in the main, these submissions are tailored to the matter under review. In summary, there is no basis for the across the board percentage reduction urged by the Commissioner.

Accordingly, the court will **grant** the plaintiff's motion for an award of fees under the EAJA in the total amount of **$4,871.62**. The judgment shall be amended accordingly.

SO ORDERED.

Dated at Milwaukee, Wisconsin, this 23rd day of February, 2009.

s/AARON E. GOODSTEIN
U.S. MAGISTRATE JUDGE